**KNIGHTSTOWN BANNER, LLC,**
Appellant–Cross Appellee–
Plaintiff,

v.

**TOWN OF KNIGHTSTOWN, Governmental Insurance Managers, Inc., and Governmental Interinsurance Exchange, Appellees–Cross Appellants–Defendants.**

**No. 33A05–0705–CV–239.**

Court of Appeals of Indiana.

June 26, 2008.

318

Kurt A. Webber, Kurt A. Webber, P.C., Carmel, IN, Attorney for Appellant, Knightstown Banner, LLC.

David L. Copenhaver, Joel E. Harvey, Hayes Copenhaver Crider, LLP, New

Castle, IN, Attorneys for Appellee, Town of Knightstown.

Stephen J. Peters, Harrison & Moberly, LLP, Indianapolis, IN, Steven D. Pearson, Meckler Bulger & Tilson, LLP, Chicago, IL, Attorneys for Appellees, Governmental Insurance Managers, Inc. and Governmental Interinsurance Exchange.

## OPINION ON REHEARING

FRIEDLANDER, Judge.

Upon petition for rehearing, appellees and cross-appellants Governmental Insurance Managers, Inc. (GIM) and Governmental Interinsurance Exchange (GIE) ask us to supplement our decision in *Knightstown Banner, LLC v. Town of Knightstown,* 882 N.E.2d 270 (Ind.Ct.App. 2008), in which we resolved several issues, one of which concerned an award of attorney fees. We grant the petition for that purpose.

We will not repeat the facts in detail. It is enough to say that GIE and GIM were aligned with the Town of Knightstown (the Town) as appellees in an appeal from an order proclaiming them jointly and severally liable for an award of attorney fees to the Knightstown Banner (the Newspaper). Those attorney fees stemmed from the Newspaper's successful lawsuit concerning its request under the Indiana Access to Public Records Act (APRA) to view the settlement agreement between the Town and a former employee (the employee) in a civil rights lawsuit filed by the employee. We write here to address the question whether GIE and GIM, which must be viewed as a single entity for our purposes here, should share joint and several liability with the Town for attorney fees and costs.

GIE and GIM claim they should not be liable for attorney fees and costs because (1) they substantially prevailed on the core

issue pertaining to them in the first appeal, i.e., that they are not public agencies under APRA; *see* Ind.Code Ann. § 5–14–3–9(i)(1) (West, PREMISE through 2007 1st Regular Sess.); (2) they are not subject to liability under APRA because that act applies only to public agencies; and (3) they were not necessary parties to the first action and should not have been named as defendants in the Newspaper's lawsuit in the first place.

■ We will begin with the later argument first. GIE and GIM claim they were not necessary parties and appear in this action only because the Newspaper named them in its lawsuit. This understates GIE and GIM's role in the dispute that led to the Newspaper's lawsuit. The Town procured an insurance policy from GIE that was in effect at the time the employee sued the Town alleging civil rights violations. Pursuant to that insurance contract, GIE and GIM were obligated to defend the Town in the employee's lawsuit.[1] GIE and GIM retained counsel, who represented the Town throughout the negotiations with the employee. The settlement agreement that the Newspaper sought to discover was drafted by that attorney and was in the attorney's possession at the time. The attorney declined the Newspaper's request to review the agreement, thus triggering the litigation referenced above. Thereafter, GIE and GIM, along with the Town, vigorously resisted the Newspaper's efforts to review the settlement agreement. *See Knightstown Banner, LLC v. Town of Knightstown,* 838 N.E.2d 1127 (Ind.Ct.App.2005) *(Knightstown I)*. In view of the relationship between the Town and GIE and GIM in particular, and the nature of GIE and GIM's clientele in general,[2] GIE and GIM's role in the events leading to litigation, and in conducting the litigation itself, was far from passive. Clearly, GIE and GIM were necessary parties.

■ GIE and GIM contend they should not be held liable for attorney fees because they are not a public agency within the meaning of APRA, thus its provisions do not apply to them. This court has indicated such is not the case. *See Indianapolis Newspapers, a Div. of Indiana Newspapers, Inc. v. Indiana State Lottery Comm'n,* 739 N.E.2d 144, 156 (Ind.Ct.App. 2000) ("the statute does not require that the attorney fees be awarded to or from the public agency when it is clear that the statute contemplates the involvement of third parties").

■ Finally, GIE and GIM claim they are not liable for attorney fees because, with respect to GIE and GIM, the Newspaper was not a substantially prevailing party in *Knightstown I*. Although we held in *Knightstown I* that GIE and GIM are

---

1. The relevant policy provision stated:
   We will have the right and duty to defend any insured against a "suit" seeking "damages" from the insured, and we will have the right to administer, manage, and control the defense of the insured subject to and in accordance with Liability and Auto Chapter Conditions 4. and 5. We may at our discretion investigate any "occurrence" and settle, in whole or in part, any "claim" or "suit" that may result.
   *Appellant Knightstown's Supplemental Appendix* at 125.

2. As set forth in *Knightstown I,*
   GIE is a reciprocal insurer organized under the laws of Illinois, and authorized to conduct insurance business in Indiana. It is a reciprocal interinsurance program whereby governmental entities enter into contracts of indemnity with each other through their common attorney-in-fact, GIM. GIE and GIM's insureds, known as subscribers, are exclusively local governmental entities, of which seventy-three percent are located in Indiana.
   *Knightstown Banner, LLC v. Town of Knightstown,* 838 N.E.2d at 1128–1129.

not public agencies within the meaning of APRA, it is inaccurate to say that this was the only issue in which those entities had a stake. Again, the significant factor here is the close relationship between the Town and GIE and GIM with respect to this litigation. Along with the Town, GIE and GIM actively sought to prevent disclosure of the settlement agreement, which in turn triggered the Newspaper's lawsuit.

For the foregoing reasons, the trial court did not err in imposing joint and several liability upon GIE and GIM with respect to the award of attorney fees and costs.

MATHIAS, J., and ROBB, J., concur.