SHEPHERD PROPERTIES CO., d/b/a ShepCo Commercial Finishes, Appellant,

v.

INTERNATIONAL UNION OF PAINTERS and Allied Trades, District Council 91, Appellee.

No. 49A04–1010–PL–676.

Court of Appeals of Indiana.

June 2, 2011.

Michael L. Einterz, Michael L. Einterz, Jr., Einterz & Einterz, Zionsville, IN, Attorneys for Appellant.

William R. Groth, Fillenwarth Dennerline Groth & Towe, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Intervenor Shepherd Properties Co. d/b/a ShepCo Commercial Finishes ("ShepCo") appeals the denial of its motion to correct error, which challenged an order awarding attorney's fees to Plaintiff International Union of Painters and Allied Trades, District Council 91 ("the Union") as the prevailing party in an action under the Indiana Access to Public Records Act ("APRA").[1] We reverse and remand for an attorney's fees order consistent with this opinion.

### Issue

ShepCo presents three issues for review, one of which we find dispositive: whether the trial court erroneously applied APRA in imposing joint and several liability for attorney's fees upon ShepCo as well as a public agency.

### Facts and Procedural History

ShepCo was a subcontractor for a public works project, construction at Stonybrook Middle School, in the Metropolitan School District of Warren Township in Marion County ("Warren Township"). In May of 2008, the Union requested that Warren Township permit it to inspect and copy the certified payroll records submitted by ShepCo, records which Warren Township and ShepCo alleged to be confidential and containing trade secrets.[2] ShepCo's counsel made an informal inquiry of the Indiana Public Access Counselor ("the PAC"); in reliance thereon, Warren Township refused the Union's request.[3]

---

1. *See* Ind.Code § 5–14–3–1 through –10.

2. Warren Township required ShepCo to submit the payroll records so that Warren Township could monitor ShepCo's compliance with the Common Construction Wage Act. *See* Ind. Code § 5–16–7–1 through –5. ShepCo had removed employee names and replaced them with key system numbers. However, ShepCo maintained that specific pay rates were a trade secret, because a competitor with that knowledge could underbid ShepCo on future projects.

3. The PAC's January 4, 2008 letter to ShepCo's counsel included a definition of "trade secret" and observed that the payroll and

The Union filed a formal complaint with the PAC and requested an advisory opinion in accordance with Indiana Code Section 5–14–4–10(6). On August 8, 2008, the PAC issued an advisory opinion that Warren Township had not violated APRA because the requested records were exempt from disclosure under the "trade secrets" and "confidential financial information" exceptions to disclosure found in Indiana Code Section 5–14–3–4(a)(4) and (5).

On October 24, 2008, the Union filed a complaint to compel compliance with APRA, naming Warren Township as the sole defendant. Warren Township moved to join ShepCo as a necessary party; that motion was denied. On June 11, 2009, ShepCo moved to intervene, which motion was granted.[4]

The Union unsuccessfully moved for judgment on the pleadings. Subsequently, on October 30, 2009, the Union moved for summary judgment. After a hearing, the trial court granted the Union's motion for summary judgment and scheduled a separate hearing to determine attorney's fees. On July 21, 2010, argument was heard. On August 11, 2010, the trial court issued its "Ruling on Request for Attorney's Fees and Final Judgment" awarding fees and costs in favor of the Union and against ShepCo and Warren Township, jointly and severally, in the amount of $20,234.

On August 19, 2010, the Union filed a motion to amend the final judgment, seeking additional attorney's fees expended in preparing the petition for fees and attending the July 21, 2010 hearing on attorney's fees. On September 2, 2010, ShepCo filed a motion to correct error. On September 16, 2010, the trial court denied ShepCo's motion to correct error. On the following day, the trial court entered an amended judgment increasing the fees to $22,659. ShepCo now appeals.[5]

### Discussion and Decision

ShepCo contends that it could not properly be subjected to joint and several liability for attorney's fees under APRA, because it is not a public agency refusing access. According to ShepCo, its role is that of a property owner (of recorded information) having an interest in the APRA litigation outcome but not directly responsible for public records release.

> The public policy underlying APRA is set forth in the first section of the Act: A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an

---

wage scale information "arguably meets the first criterion in the definition of trade secret, [but] you do not indicate whether the information is the subject of reasonable efforts to maintain its secrecy." (App.31.) The PAC further advised, "[i]f a public record contains disclosable and nondisclosable information, the agency shall, upon receipt of a request under the APRA, separate the material that may be disclosed and make it available for inspection and copying. I.C. § 5–14–3–6(a). As such, to the extent the records contained information not covered by one of the exceptions the corporation can prove applies, the

nondisclosable information should be redacted, and the disclosable information should be provided upon request." (App.32.)

4. "An intervenor is a party to the action with an interest in the subject matter of the suit." *Skolnick v. State*, 180 Ind.App. 253, 278, 388 N.E.2d 1156, 1172 (1979) (citing Indiana Trial Rule 24).

5. Warren Township is not an active party to this appeal.

essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information. This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.

Ind.Code § 5–14–3–1. The expressly stated objective of APRA is liberal disclosure to requesting members of the public. The duty to provide information lies with the public agency.

APRA defines a "public agency" to include:

(1) Any board, commission, department, division, bureau, committee, agency, office, instrumentality, or authority, by whatever name designated, exercising any part of the executive, administrative, judicial, or legislative power of the state.

(2) Any:

(A) county, township, school corporation, city, or town, or any board, commission, department, division, bureau, committee, office, instrumentality, or authority of any county, township, school corporation, city, or town;

(B) political subdivision (as defined by IC 36–1–2–13); or

(C) other entity, or any office thereof, by whatever name designated, exercising in a limited geographical area the executive, administrative, judicial, or legislative power of the state or a delegated local governmental power.

(3) Any entity or office that is subject to:

(A) budget review by either the department of local government finance or the governing body of a county, city, town, township, or school corporation; or

(B) an audit by the state board of accounts that is required by statute, rule, or regulation.

(4) Any building corporation of a political subdivision that issues bonds for the purpose of constructing public facilities.

(5) Any advisory commission, committee, or body created by statute, ordinance, or executive order to advise the governing body of a public agency, except medical staffs or the committees of any such staff.

(6) Any law enforcement agency, which means an agency or a department of any level of government that engages in the investigation, apprehension, arrest, or prosecution of alleged criminal offenders, such as the state police department, the police or sheriff's department of a political subdivision, prosecuting attorneys, members of the excise police division of the alcohol and tobacco commission, conservation officers of the department of natural resources, gaming agents of the Indiana gaming commission, gaming control officers of the Indiana gaming commission, and the security division of the state lottery commission.

(7) Any license branch staffed by employees of the bureau of motor vehicles commission under IC 9–16.

(8) The state lottery commission established by IC 4–30–3–1, including any department, division, or office of the commission.

(9) The Indiana gaming commission established under IC 4–33, including any department, division, or office of the commission.

(10) The Indiana horse racing commission established by IC 4–31, including any department, division, or office of the commission.

Ind.Code § 5–14–3–2(m).

 In furtherance of the objective of dissemination of information, attorney's

fees may be awarded if APRA is violated by the wrongful denial of document disclosure, and the requestor must coerce compliance. *See City of Elkhart v. Agenda: Open Govt., Inc.*, 683 N.E.2d 622, 628 (Ind. Ct.App.1997), *trans. denied.* Indiana Code Section 5–14–3–9(e) provides that "a person who has been denied the right to inspect or copy a public record *by a public agency* may file an action in the circuit or superior court of the county in which the denial occurred to compel the public agency to permit the person to inspect and copy the public record." (Emphasis added.) Subsection (f) specifies that "[t]he court shall determine the matter de novo, with the burden of proof on the public agency to sustain its denial." Reasonable attorney's fees shall be awarded when (1) the plaintiff has substantially prevailed and (2) they have first sought and received an informal inquiry response or advisory opinion from the PAC. Ind.Code § 5–14–3–9(i). Once the requirements of the statute are satisfied, the award of attorney's fees is mandatory. *Indianapolis Newspapers v. Indiana State Lottery Comm'n*, 739 N.E.2d 144, 156 (Ind.Ct.App.2000), *trans. denied.*

■ Although we must liberally construe APRA to implement its policy of public access, we cannot contravene or expand the statutory scheme enacted by the legislature. *Heltzel v. Thomas*, 516 N.E.2d 103, 106 (Ind.Ct.App.1987), *trans. denied.* The attorney's fees provisions of APRA are directed toward public agencies. There is no corollary provision for assessment of attorney's fees against a private party in the event of improper nondisclosure.

■ Accordingly, the trial court erroneously imposed upon ShepCo joint and several liability for statutory attorney's fees under APRA. Absent a fee shifting statute or contractual provision for the payment of attorney's fees, the American Rule—that each party ordinarily must pay his or her own attorney's fees—is applicable. *See H & G Ortho, Inc. v. Neodontics Intern., Inc.*, 823 N.E.2d 734, 737 (Ind.Ct.App. 2005). As such, ShepCo is not liable for the Union's attorney's fees and the denial of the motion to correct error was an abuse of discretion.

## Conclusion

APRA encompasses public agencies to which specific requests for governmental affairs information are directed. As such, a private entity such as ShepCo is not liable for attorney's fees under APRA for nondisclosure of public records. Warren Township, the public agency having denied access, is liable.[6]

Reversed and remanded.

FRIEDLANDER, J., and BROWN, J., concur.

---

6. *But see Indianapolis Newspapers*, 739 N.E.2d at 152 (finding that the Lottery, holding information to which one party claimed a statutory entitlement and another party claimed a proprietary interest, was not precluded from seeking Indiana Trial Rule 22(D) interpleader in an APRA action).