**SHEPHERD PROPERTIES CO.,**
**d/b/a Shepco Commercial**
**Finishes, Appellant,**

v.

**INTERNATIONAL UNION OF PAINT-**
**ERS AND ALLIED TRADES, DIS-**
**TRICT COUNCIL 91, Appellee.**

No. 49A04–1010–PL–676.

Court of Appeals of Indiana.

Aug. 11, 2011.

Michael L. Einterz, Michael L. Einterz, Jr., Einterz & Einterz, Zionsville, IN, Attorneys for Appellant.

William R. Groth, Fillenwarth Dennerline Groth & Towe, LLP, Indianapolis, IN, Attorney for Appellee.

### OPINION ON REHEARING

BAILEY, Judge.

The International Union of Painters and Allied Trades, District Council 91, ("the Union") petitions for rehearing of our decision handed down June 2, 2011 in *Shepherd Properties Co. d/b/a Shepco Commercial Finishes v. Int'l Union of Painters*

*and Allied Trades, District Council 91.* According to the Union, this Court *sua sponte* decided an issue not briefed by the parties and failed to distinguish relevant precedent. We grant rehearing for the limited purpose of expanding upon our discussion of the issue presented on appeal, concerning the propriety of an award of attorney's fees under the Indiana Access to Public Records Act ("APRA").

Shepherd Properties Co. d/b/a ShepCo Commercial Finishes ("ShepCo"), Intervenor in an action by the Union against Warren Township under APRA, appealed a decision that it was jointly and severally liable for attorney's fees for nondisclosure. The appealed order concerned attorney's fees and, as such, the propriety of those fees was the issue squarely presented. Shepherd advanced constitutional and statutory arguments. We did not reach the constitutional argument, instead deciding on statutory grounds. The Union was not deprived of the opportunity to argue statutory grounds for its position that an intervenor could be liable for fees under APRA.

Indeed, the Union relied upon *Knightstown Banner, LLC v. Town of Knightstown,* 889 N.E.2d 317, 320 (Ind.Ct.App. 2008) and *Indianapolis Newspapers v. Indiana State Lottery Commission,* 739 N.E.2d 144 (Ind.Ct.App.2000), *trans. denied.* In *Indianapolis Newspapers,* an appeal from dismissal of parties from a cross-claim under APRA, a panel of this Court held that the Indiana Lottery's counterclaim for interpleader was proper, but the trial court erred in discharging the Lottery from all liability because the Indianapolis Star had a potential claim for attorney's fees against the Lottery "dependent upon the outcome of the underlying litigation." 739 N.E.2d at 146. The Court went on to make "observations" about APRA including the following: "we note that the statute does not require that the attorney fees be awarded to or from the public agency when it is clear that the statute contemplates the involvement of third parties." *Id.* at 156.

More recently, in *Knightstown Banner,* an opinion on rehearing, a separate panel of this Court quoted the foregoing language from *Indianapolis Newspapers,* and concluded that appellees/cross-appellants, who were private parties "aligned with the Town of Knightstown" upon having been named as defendants in a lawsuit, should share joint and several liability with the Town for attorney's fees and costs. 889 N.E.2d at 319.

Here, the trial court refused a request to add ShepCo as a necessary party defendant. ShepCo's "alignment" with Warren Township is that ShepCo was an intervenor, which is "a party to the action with an interest in the subject matter of the suit." *Skolnick v. State,* 180 Ind.App. 253, 278, 388 N.E.2d 1156, 1172 (1979). APRA contemplates intervenors; the sole reference in APRA to the role of an "intervenor" appears in Indiana Code Section 5-14-3-9(e), providing that "such persons [who supplied any part of the public record at issue] are entitled to intervene in any litigation that results from the denial."

We do not disagree with the Union's contention, or prior observations from this Court, that APRA does not include language explicitly precluding attorney's fees from a third party. Conversely, APRA does not *include* language providing for payment of attorney's fees by an intervenor, and we will not write into the statute such a provision. This is within the province of our Legislature.

We affirm our original opinion.

FRIEDLANDER, J., and BROWN, J., concur.