ATTORNEYS FOR APPELLANT
Michael L. Einterz
Michael L. Einterz, Jr.
Zionsville, Indiana

ATTORNEY FOR APPELLEE
William R. Groth
Indianapolis, Indiana

## In the
## Indiana Supreme Court

**FILED**

Jul 31 2012, 10:00 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 49S04-1112-PL-697

SHEPHERD PROPERTIES CO., D/B/A
SHEPCO COMMERCIAL FINISHES,

*Appellant (Intervening Defendant below),*

v.

INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES, DISTRICT
COUNCIL 91,

*Appellee (Plaintiff below).*

Appeal from the Marion Circuit Court, No. 49C01-0810-PL-48145
The Honorable Louis Rosenberg, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-1010-PL-676

**July 31, 2012**

**David, Justice.**

In this case, a plaintiff prevailed on its Access to Public Records Act claim against a public agency and an intervening private party. As required by statute, the trial court awarded the plaintiff attorney's fees.

The fees were awarded against both the public agency and intervening private party, jointly and severally. The private party argued that the Access to Public Records Act does not

contemplate the award of attorney's fees against an intervening private party and that only the public agency should be liable for the fees.

We hold that the Access to Public Records Act, in light of the legislature's liberal-construction mandate and the statute's underlying policy, permits the award of attorney's fees against an intervening private party. We further hold that, in this case, the trial court did not abuse its discretion in its apportionment of liability.

### Facts and Procedural History

The International Union of Painters and Allied Trades (Union) requested to inspect and copy payroll records in the possession of the Metropolitan School District of Warren Township (Township). The payroll records were submitted by ShepCo Commercial Finishes, a subcontractor on a public-works project.

Union claimed that the payroll records were "public records" subject to disclosure under the Access to Public Records Act (APRA).[1] ShepCo and Township, on the other hand, contended that the payroll records were trade secrets and confidential financial information that fell under exceptions within the APRA.

Pursuant to the APRA, ShepCo made an informal inquiry of the Public Access Counselor (PAC) regarding disclosure of the records. Later, Union requested a formal advisory opinion from the PAC. Both times, the PAC concluded that the records did not need to be disclosed. Specifically, the PAC's formal advisory opinion concluded that the records were "trade secrets" and "confidential financial information" that were exempt from disclosure under the APRA.

In October 2008, Union filed a complaint with the trial court, seeking to compel disclosure under the APRA and naming Township as the sole defendant. Township moved to add ShepCo as a necessary party. The trial court denied that motion, but it granted ShepCo's subsequent motion to intervene.

---

[1] Ind. Code §§ 5-14-3-1 to 10 (2010 & Supp. 2011), <u>amended by</u> 2012 Ind. Legis. Serv. P.L. 134-2012 (West).

Union, Township, and ShepCo all moved for summary judgment. In its motion, Union requested attorney's fees pursuant to a provision in the APRA. After a hearing, the trial court entered summary judgment for Union and ordered Township to disclose the records. The trial court later held a separate hearing on Union's request for attorney's fees and awarded $20,234 in attorney's fees against Township and ShepCo, jointly and severally.

Union then filed a motion to amend the final judgment, seeking additional attorney's fees expended by its counsel in litigating the original request for attorney's fees. ShepCo filed a motion to correct error, raising, for the first time, an argument on the appropriate weight to be given to the PAC's advisory opinion and an argument challenging the constitutionality of the attorney's fees award. The trial court denied the motion to correct error and entered an amended judgment awarding Union an additional $2,425 in attorney's fees.

ShepCo appealed. The Court of Appeals held that a private entity like ShepCo is not liable for attorney's fees under the APRA and that Township, the public agency, was solely liable. Shepherd Props. Co. v. Int'l Union of Painters, 950 N.E.2d 321, 325 (Ind. Ct. App. 2011). On rehearing, the Court of Appeals acknowledged two prior Court of Appeals cases that stated that a private party may be liable for the attorney's fees of a party prevailing in an action to compel disclosure under the APRA. Shepherd Props. Co. v. Int'l Union of Painters & Allied Trades, Dist. Council 91, 955 N.E.2d 208, 209 (Ind. Ct. App. 2011). But the Court of Appeals noted that the "APRA does not include language providing for payment of attorney's fees by an intervenor, and will not write into the statute such a provision." Id. (emphasis omitted). We granted transfer.

**Standard of Review**

The issue today is whether an intervening private entity can be held liable for attorney's fees under the APRA.[2] Because this is a matter of statutory interpretation, it is a pure question of law that we review de novo. State v. Int'l Bus. Machs. Corp., 964 N.E.2d 206, 209 (Ind. 2012).

---

[2] Portions of the APRA were amended effective July 1, 2012. See 2012 Ind. Legis. Serv. P.L. 134-2012 (West). Our analysis would remain the same under both the previous and current versions of the APRA, as the wording of the relevant provisions remains unchanged.

**Access to Public Records Act**

The public policy underlying the APRA is "that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." Ind. Code § 5-14-3-1. Accordingly, the APRA requires a "public agency" to disclose its "public records" upon the request of any person. Id. § 5-14-3-3(a), (b).

Certain types of public records are excepted from the APRA's disclosure requirement, and a public agency may not disclose those records unless specifically required by statute or court order. Id. § 5-14-3-4. A public agency or a member of the public may file an informal inquiry request or a request for a formal advisory opinion with the PAC regarding whether a document is subject to disclosure under the APRA. Id. § 5-14-4-10(5), (6) (2010).

A person denied access to a public record may file an action in court "to compel the public agency to permit the person to inspect and copy the public record." Id. § 5-14-3-9(e). When such an action is filed, the public agency must notify each person who supplied any part of the public record at issue (1) that a request for release of the record was denied and (2) whether the denial was in compliance with an informal inquiry response or formal advisory opinion of the PAC. Id. Any person who supplied part of the disputed record is entitled to "intervene" in litigation resulting from the denial. Id.

If the plaintiff seeking disclosure prevails in the court action, the court "shall" award reasonable attorney's fees, court costs, and expenses if the plaintiff first sought and received an informal inquiry response or formal advisory opinion from the PAC. Id. § 5-14-3-9(i).

In this case, the parties agree that Township is a "public agency" as defined in the APRA and that ShepCo is not a "public agency." See id. § 5-14-3-2(m). The parties also agree that ShepCo appeared as an intervenor as permitted by the APRA and that Township is liable for Union's attorney's fees under the APRA. The parties' disagreement rests on whether ShepCo is also liable to Union for its attorney's fees under the APRA.[3]

---

[3] In its appellate brief, ShepCo reasserted two arguments from its motion to correct error: (1) the trial court erred when it failed to give appropriate weight to the opinion of the PAC and (2) the trial court's

4

A. *Prior Decisions*

Third-party liability for attorney's fees under the APRA is an issue of first impression for this Court. However, before its decision in this case, the Court of Appeals had addressed the subject on two prior occasions. See Indianapolis Newspapers v. Indiana State Lottery Comm'r, 739 N.E.2d 144 (Ind. Ct. App. 2000), trans. denied; Knightstown Banner, LLC v. Town of Knightstown, 882 N.E.2d 270 (Ind. Ct. App. 2008), clarified on reh'g, 889 N.E.2d 317 (Ind. Ct. App. 2008). In both opinions, described below, the Court of Appeals stated that third parties may be liable for the attorney's fees of a party prevailing in an action to compel disclosure under the APRA.

In Indianapolis Newspapers, a newspaper requested that the Lottery Commission, a public agency, disclose documents containing information generated by lottery retailers. 739 N.E.2d at 146–47. Upon request by the newspaper, the PAC rendered an advisory opinion, stating that the documents requested must be disclosed under the APRA. Id. at 147.

The retailers sued the Lottery Commission to enjoin disclosure, and the newspaper intervened. Id. at 148. The Lottery Commission then tendered the disputed documents to the court under seal. Id. at 148–49. The trial court found that the Lottery Commission's surrender of the documents obviated the need for it as a party and discharged it from liability, including liability for the newspaper's attorney's fees. Id. at 149–50. The newspaper appealed.

The Court of Appeals found the trial court erred in discharging the Lottery Commission because the Lottery Commission was still potentially liable to the newspaper for attorney's fees under the APRA, depending on the outcome of the litigation. Id. at 155–56. But the Court of Appeals also discussed the *retailers'* potential liability for attorney's fees. First, the Court of Appeals generally stated that the APRA "does not require that the attorney fees be awarded to or

---

award of attorney's fees under the APRA infringed on its rights to open access to the courts and to substantive due process in violation of Article 1, Section 12 of the Indiana Constitution. ShepCo argues that because the Court of Appeals never reached these issues, we must address them on transfer. Union contends that both arguments "have been waived because they were never addressed to the trial court until ShepCo filed its Motion to Correct Errors." We agree with Union. ShepCo failed to raise these two issues in any of its pleadings and motions, including its motion for summary judgment, that were filed before the trial court entered its judgment. It is well established that a party may not raise issues for the first time in a motion to correct error. Troxel v. Troxel, 737 N.E.2d 745, 752 (Ind. 2000).

from the public agency when it is clear that the statute contemplates the involvement of third parties." Id. at 156. The Court of Appeals then explained how it would apportion liability for attorney's fees if the newspaper prevailed in the litigation:

> [W]e interpret the attorney fee provision to mean that, if the [newspaper] substantially prevails in this action, the Lottery is liable for the [newspaper's] attorney fees from the time the PAC rendered her advisory opinion until the Lottery has made complete tender of the disputed documents to the trial court. After complete tender has been made, the Retailers become liable for the fees, unless there is later litigation concerning whether or not complete tender was in fact made, in which case the Lottery may again become liable for the [newspaper's] fees in litigating that issue.

Id.

The Court of Appeals also found that because the Lottery Commission took the position that it was not liable for the newspaper's attorney's fees, the newspaper was required to appeal the issue. Id. And because the newspaper prevailed on that issue on appeal, the Court of Appeals determined that the newspaper was entitled to an award of appellate attorney fees under the statute. Id. The Court of Appeals further noted that had the retailers been involved in the appeal, it "might have been appropriate to apportion the [newspaper's] appellate attorney fees between the Lottery and the Retailers." Id. at 156 n.10.

The Court of Appeals also addressed the issue of whether allowing third-party liability for attorney's fees under the APRA would have a "chilling effect" on seeking intervention. Id. at 156 n.9. The Court of Appeals determined that in the event a third party did not intervene, that did not mean the third party's interests were without representation: "the public agency would have already independently determined that disclosure was improper prior to denying access, and would be compelled by the statute to litigate the issue if the private person did not intervene." Id.

In a later case, Knightstown Banner, 889 N.E.2d 317, the Court of Appeals again confronted the issue of attorney's fees under the APRA. The underlying lawsuit had already proceeded through two appeals, and on rehearing from the second appeal, the sole issue was whether third parties should share joint and several liability with a town for attorney's fees and costs. 889 N.E.2d at 319.

6

The case had involved a newspaper's request to inspect an agreement settling a civil rights action against the town. Id. at 319. The town was insured by Government Insurance Exchange (GIE) under a policy that made Government Insurance Managers (GIM) the town's attorney-in-fact with the power to settle claims. Id. at 320 nn.1–2. After the town and GIE denied the newspaper's requests to inspect the settlement agreement, the newspaper filed an APRA action against the town, GIE, and GIM. Id. at 319–320. The newspaper was ultimately successful, and the trial court determined that the town, GIE, and GIM were jointly and severally liable for the newspaper's attorney's fees, costs, and expenses. Id. at 319.

GIE and GIM argued, among other things, that they should not share liability with the town for the newspaper's attorney's fees because they are not public agencies within the meaning of the APRA. Id. at 320. The Court of Appeals cited Indianapolis Newspapers for the proposition that the APRA "'does not require that the attorney fees be awarded to or from the public agency when it is clear that the statute contemplates the involvement of third parties.'" Id. at 320 (quoting Indianapolis Newspapers, 739 N.E.2d at 156). The Court of Appeals found that GIE and GIM were "necessary parties" to the action because of the close relationship between the town, GIE, and GIM. Id. at 320. And it also found that GIE and GIM were very involved and active in the litigation: they negotiated and drafted the settlement agreement, had possession of the agreement when the newspaper sought disclosure, and strongly resisted the newspaper's efforts to inspect the settlement agreement. Id. Because of those reasons, the Court of Appeals held that the trial court did not err in imposing joint and several liability on GIE and GIM for the newspaper's attorney's fees. Id. at 321.

B. *Current Case*

In its first opinion in this case, the Court of Appeals concluded that ShepCo was not liable for attorney's fees because it was not a "public agency" that denied access to public records. It reasoned, "The attorney's fees provisions of APRA are directed toward public agencies. There is no corollary provision for assessment of attorney's fees against a private party in the event of improper nondisclosure." Shepherd Props. Co., 950 N.E.2d at 325. The Court of Appeals added a footnote acknowledging the existence of Indianapolis Newspapers but did not explain whether that case had an effect on the present one. Id. at 325 n.6.

The Court of Appeals then granted rehearing to expand upon the issue of "the propriety of an award of attorney's fees under the Indiana Access to Public Records Act." Shepherd Props. Co., 955 N.E.2d at 209. The Court of Appeals recognized the observation from Indianapolis Newspapers that the APRA "'contemplates the involvement of third parties.'" Id. (quoting Indianapolis Newspapers, 739 N.E.2d at 156). It also acknowledged that Knightstown Banner held that "private parties 'aligned with the Town of Knightstown' upon having been named as defendants in a lawsuit, should share joint and several liability with the Town for attorney's fees and costs." Id. (quoting Knightstown Banner, 889 N.E.2d at 319). But the Court of Appeals distinguished this case on the grounds that ShepCo was an "intervenor" in the litigation:

> We do not disagree with . . . prior observations from this Court, that APRA does not include language explicitly precluding attorney's fees from a third party. Conversely, APRA does not *include* language providing for payment of attorney's fees by an intervenor, and we will not write into the statute such a provision.

Id.

On transfer, ShepCo urges us to adopt the logic of the Court of Appeals, arguing that its status as an intervenor sets it apart from the private-party defendants in Indianapolis Newspapers and Knightstown Banner. ShepCo maintains that this is a "critical distinction" that shields it from liability for attorney's fees under the APRA. Union contends that ShepCo's participation in this action as an intervenor is not distinguishable from the participation of GIE and GIM in Knightstown Banner because ShepCo is likewise aligned with the public agency and actively opposed disclosure of the public records.

We agree with Union that there is no meaningful distinction between ShepCo as an intervenor in the APRA litigation and other private-party defendants who also oppose disclosure. "An intervenor is treated as if it was an original party and has equal standing with the parties." Mercantile Nat'l Bank of Indiana v. Teamsters Union Local #142 Pension Fund, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996). And because we agree with the reasoning behind Indianapolis Newspapers and Knightstown Banner, we hold that it was permissible for the trial court to hold ShepCo jointly and severally liable for Union's attorney's fees. The text of the APRA and public policy support this conclusion.

As stated earlier, the APRA's purpose is to ensure that the public is provided "full and complete information" about government affairs. I.C. § 5-14-3-1. Importantly, the Act mandates that it "shall be liberally construed to implement this policy." Id.

Indiana public agencies are the gateways for public-record requests. But the APRA expressly permits private entities, like ShepCo, to intervene in any action to compel disclosure. Id. § 5-14-3-9(e). Specifically, whenever an action is filed under the APRA, the "public agency must notify each person who supplied any part of the public record at issue" and "[s]uch persons are entitled to intervene in any litigation." Id. Thus, the legislature, in inserting this language, was aware that any action brought under the APRA could implicate the interests of both public agencies and private entities and that both could actively oppose disclosure of the public records at issue.

The APRA mandates an award of attorney's fees to a plaintiff who "substantially prevails" if that party has first sought an advisory opinion from the public access counselor. Id. § 5-14-3-9(i). That subsection, however, is silent as to who is liable for the attorney's fees. As evidenced by the parties' arguments on the issue, this silence leaves the statute open to at least two different interpretations—that only public agencies are liable for prevailing plaintiffs' attorney's fees or that both public agencies and private parties involved in the litigation may be liable. Because the provision is susceptible to more than one interpretation, it is ambiguous and open to statutory construction. City of North Vernon v. Jennings Nw. Reg'l Utils., 829 N.E.2d 1, 4 (Ind. 2005).

In construing the APRA's attorney's fees provision, this Court's primary task is to give effect to the intent of the legislature. Id. We presume that the legislature intended the language used in the statute to be applied logically and consistently with the APRA's underlying policy and goals. See Cooper Indus., LLC v. City of South Bend, 899 N.E.2d 1274, 1283 (Ind. 2009).

To shield private entities from liability for attorney's fees would thwart, rather than further, the public policy underlying the APRA. Here, the legislature has made it clear that the APRA must be "liberally construed to implement" the policy of full access to public records and transparency of government affairs. I.C. § 5-14-3-1. And the legislature clearly contemplated the involvement of private parties in APRA litigation. Removing from private entities any fear

of liability for attorney's fees would deter persons seeking to inspect public records from filing APRA actions, as the private entities could assert non-meritorious defenses to avoid disclosure and drive up litigation costs. In light of the "liberal" construction mandate and the underlying policy of the APRA, we construe Indiana Code section 5-14-3-9(i) as permitting private-party liability for a prevailing plaintiff's attorney's fees.[4]

Now that we have determined that private parties may be liable for attorney's fees under the APRA, the question remains of how courts should apportion liability. When determining the allocation of attorney's fees liability between a public agency and a private entity, courts should consider various factors, such as whether a party acted in good or bad faith; whether a party played a nominal or active role; and whether a party was partisan or neutral in the cause of action. This is precisely what the trial court did in this case when evaluating the respective roles

---

[4] As Union points out in its transfer brief, the "American Rule" is not applicable to this case. "Indiana common law generally follows the 'American Rule,' under which each party bears its own legal fees and expenses unless otherwise provided by statute." Porter Dev., LLC v. First Nat. Bank of Valparaiso, 866 N.E.2d 775, 779 (Ind. 2007). But the APRA "explicitly provides for a variation from this general rule and thus modifies the common law as to attorney fees incurred in . . . actions that fall within the statute." Id.

of ShepCo and Township in the litigation.[5]   Accordingly, the trial court did not abuse its discretion in the apportionment of attorney's fees.[6]

## Conclusion

We hold that private parties may be held liable for a substantially prevailing plaintiff's attorney's fees under the APRA.  We also hold that the trial court did not abuse its discretion in awarding the fees against the public agency and intervening private entity, jointly and severally.

We affirm the trial court's award of attorney's fees to Union and remand to the trial court to determine what additional attorney's fees the Union incurred under the APRA as a result of ShepCo's appeal.

Sullivan and Rucker, JJ., concur.

Dickson, C.J., and Massa, J., dissent without opinion.

---

[5] The portion of the trial court's ruling related to the apportionment of attorney's fees is as follows:

> The Court agrees with the defendant that neither defendant has displayed bad faith. ShepCo's and Warren's opposition to the release of the records was reasonably based on PAC opinions.  Moreover, in response to this Court's ruling on the Motion for Summary Judgment, ShepCo has stated that it fully cooperated with the release of the certified payrolls.  The Court has no reason to doubt that statement and notes that Warren has expressed a similar intent to comply with this Court's Ruling of May 27.

> Nor are the defendants distinguishable in terms of the nature of their participation in the instant controversy.  While Warren, as public agency, officially refused IUPAT's request for certified payroll records, it was prodded to do so by ShepCo, which warned that it would sue the school corporation if IUPAT was given access to the records.  ShepCo was initially not named as a party.  Instead, it was joined as a result of its own Petition to Intervene.

> Unlike the Lottery Commission in *Indianapolis Newspapers . . .* , Warren took a partisan position in this litigation.  It did not deposit the disputed records with the Court and explicitly supported ShepCo's legal positions on the Motion for Judgment on the Pleadings and Motion for Summary Judgment.  Having taken up the cause of ShepCo, it is equitable that Warren now share ShepCo's liability for attorney fees.  In sum, the facts of this case justify that the defendants be treated the same.

[6] ShepCo does not challenge the amount of attorney's fees the trial court awarded.  Regardless, we do not see any error in the trial court's computations.