ATTORNEYS FOR APPELLANT

John D. Papageorge
Steven C. Shockley
Taft Stettinius & Hollister LLP
Indianapolis, Indiana

Kelley A. Karn
Casey M. Holsapple
Duke Energy Business Services LLC
Plainfield, Indiana

ATTORNEYS FOR AMICUS CURIAE –
INDIANA ENERGY ASSOCIATION

Robert L. Hartley
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE –
INDIANA CHAPTER NATIONAL
ASSOCIATION OF WATER
COMPANIES, INC.

Nicholas K. Kile
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Daniel L. Taylor
J. Kent Minnette
Taylor, Chadd, Minnette,
Schneider & Clutter, P.C.
Crawfordsville, Indiana



FILED

Aug 24 2017, 6:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE
# COURT OF APPEALS OF INDIANA

Duke Energy Indiana, LLC,
*Appellant,*

v.

Town of Avon, Indiana,
*Appellee.*

August 24, 2017

Court of Appeals Case No.
93A02-1704-EX-780

Appeal from the Indiana Utility
Regulatory Commission

The Honorable David E. Ziegner,
Presiding Commissioner

The Honorable Aaron A. Schmoll,
Sr., Administrative Law Judge

Cause No.
44804

**Najam, Judge.**

# Statement of the Case

In June of 2016, Duke Energy Indiana, LLC ("Duke") filed a complaint against the Town of Avon ("Avon") with the Indiana Utility Regulatory Commission ("IURC"). In its complaint, Duke disputed Avon's authority to order Duke to remove, at Duke's own cost, utility poles, power lines, and other equipment located either on land owned by Avon or in Avon's rights-of-way. However, prior to Duke filing its complaint with the IURC, Avon had filed a complaint for declaratory judgment against Duke in the Hendricks Circuit Court on the same questions. The IURC dismissed Duke's complaint out of deference to the jurisdiction of the Hendricks Circuit Court. Duke appeals that dismissal and

raises two issues for our review,[1] but we consider only the following dispositive issue: whether Indiana law establishes exclusive jurisdiction in the IURC over the subject matter of the parties' complaints. We hold that Indiana law establishes that exclusive jurisdiction. Accordingly, we reverse the IURC's dismissal of Duke's complaint and remand for further proceedings.

## Facts and Procedural History

[2] Duke is an Indiana company that distributes, furnishes, and sells retail electric service to more than 800,000 Hoosiers. As such, Duke is an "electricity supplier" and a "public utility" under Indiana law. Appellant's App. Vol. II. at 7. In 2014, Avon informed Duke that Avon intended to construct road and trail improvements near the intersection of County Road 625 East and U.S. Highway 36 in Hendricks County. Avon's project required Duke to relocate certain utility poles, power lines, and other equipment (collectively referred to as the "facilities") that was owned by Duke but located either on land owned by Avon or in Avon's rights-of-way.

[3] On February 26, 2015, the Avon Town Council passed Ordinance No. 2015-03, enacted as Section 4-9-4-122(E) of the Avon Town Code ("the Ordinance"). The Ordinance shifted the costs of the relocation expenses associated with

---

[1] The Indiana Energy Association and the Indiana Chapter National Association of Water Companies, Inc. join Duke's appeal as *amici curiae*. We thank the *amici* for their informative brief.

Duke's facilities and required Duke to pay for that relocation.[2]  A violation of the Ordinance would result in a fine of $500 per day.

[4]     In February of 2016, Duke informed Avon that Duke would not comply with the Ordinance because, according to Duke, the Ordinance was unreasonable and contrary to Indiana law.  As such, on May 23, Avon filed a complaint for declaratory and injunctive relief in the Hendricks Circuit Court against Duke. In its complaint, Avon alleged that Indiana law requires a utility provider that must relocate facilities to accommodate a municipal improvement to do so without reimbursement from the municipality.  Accordingly, Avon requested the Hendricks Circuit Court to enter a declaratory judgment that "Indiana law does not require Avon to reimburse Duke for the relocation costs incurred" by Duke for Avon's improvements.  *Id.* at 19.  Avon further asked the court to enjoin Duke from refusing to comply with Avon's demands.

---

[2]  In particular, the Ordinance states as follows:

> *Relocation of public utilities*.  If it is necessary for public utilities located on public streets or in the town's rights-of-way to be relocated because of a town road project, street project, sidewalk project, trail project or other project, or any combination thereof, the owner of the public utility facilities will relocate the facilities at the owner's expense at a time and place determined by the town.  The town will provide to the owner written notice, at least 60 days prior to the date by which the relocation must be completed, of the new location of the facilities and the time for completion.  If the owner fails to relocate the public utility facilities as directed by the town, the town will have the right to relocate the public utility facilities.  If the town exercises its right to relocate the facilities, the owner will reimburse the town for the cost of the relocation within 30 days of the receipt by the owner of a notice of the cost of relocation.  If the owner fails to reimburse the town for these costs, the town has the right to collect these costs by exercise [of] any available legal remedy, including but not limited to a money judgment for the costs incurred by the town.

Avon, Ind., Code § 4-9-4-122(E) (2016).

[5] Thereafter, on June 24, Duke filed a motion to stay in the Hendricks Circuit Court and a complaint with the IURC. In its complaint, Duke alleged as follows:

> 4. [Duke's] Argument. Statutory and case law provide that public utilities shall relocate their utility facilities at their own expense only if (a) they are located in the public right-of-way and (b) are in the way of a general road improvement project, e.g., a general widening or modification of the paved surface of the roadway for the benefit of the vehicular traveling public and not for the benefit of an adjoining landowner or another member of the traveling public, e.g., municipal utility facilities, municipal trails, or public utilities, etc. Because this case concerns a "multi-use trail," it is [Avon's] responsibility to pay for the relocation of [Duke's] facilities . . . .

> 5. Applicable Statutes and Regulations. The [IURC] has jurisdiction over this matter pursuant to Ind. Code § 8-1-2-101(a)(1). The statute provides that the [IURC] shall set a hearing upon a Complaint by a utility that a municipal ordinance or determination is unreasonable. The statute further states that[,] if the [IURC] finds the contested ordinance or determination to be unreasonable, such ordinance or determination shall be void. . . .

*Id.* at 9. Duke thus requested the IURC to find the Ordinance unreasonable and void and to declare that Duke "is not required under Indiana law to relocate its facilities for [Avon's] multi-use trail unless and until [Avon] agrees to reimburse [Duke] for its costs with such relocation . . . ." *Id.* at 10.

[6] On August 2, two presiding officers with the IURC "decline[d] to set a procedural schedule at this time" because "an action involving the same general

subject matter was filed in Hendricks County prior to being filed with the [IURC]." *Id.* at 27. The officers instead ordered Duke to provide a timely status report to update the IURC on the status of the matter in the Hendricks Circuit Court.

[7] Meanwhile, the Hendricks Circuit Court set a hearing on Duke's motion to stay, but, on August 9, the parties submitted an Agreed Order to the Hendricks Circuit Court, which the court accepted. According to the Agreed Order:

> 6. The parties have reached an agreement regarding the preliminary issues raised by Avon's request for injunctive relief and [Duke's] motion for a stay that provides:
>
> > 6.1 Avon will tender to the Court within ten days of the entry of this order the full estimated relocation costs in the amount of $103,455.97, and the Clerk will hold these funds until the Court conducts a hearing on Avon's complaint . . . and determines whether these funds should be paid . . . to [Duke] or returned to Avon . . . .
> >
> > 6.2 Avon will execute and deliver to [Duke a] Utility Relocation Agreement, but Avon reserves its right to present evidence to the Court and to continue to seek declaratory relief that the relocation agreement is invalid;
> >
> > 6.3 [Duke] will deliver to Avon the required utility relocation work plan, Avon will execute it and return a fully executed copy to [Duke], and [Duke] shall relocate its utility facilities pursuant to the Work Plan on or before December 1, 2016;
>
> * * *

6.6   On August 2, 2016, the [IURC] declined to schedule a hearing on [Duke's] complaint because this case, which involves the same general subject matter, was filed by Avon before [Duke] filed its complaint with the IURC. [Duke] intends to seek an attorneys' conference before the IURC to address the IURC August 2, 2016[,] Order. Following the attorneys' conference with the IURC, the parties will provide a report to this Court concerning any need for a stay of these proceedings. By entering into this agreement, [Duke] does not waive any rights to obtain a ruling on the Verified Complaint filed with the IURC regarding the reasonableness of Avon's ordinance. Because of the parties' agreement, there is no need for a hearing on Avon's request for injunctive relief or [Duke's] request for a stay.

*Id.* at 33-34.[3]

[8]   The next day, Duke moved for an attorneys' conference with the IURC. In that motion, Duke asserted that, "[b]ecause [Duke] has directly challenged the reasonableness of an ordinance, this matter comes within the IURC's mandatory jurisdiction." *Id.* at 28. Avon opposed Duke's motion and asserted that "the Hendricks Circuit Court has valid subject matter jurisdiction over this matter and these issues." *Id.* at 37.

[9]   On September 30, the IURC presiding officers entered an order in which they denied Duke's request for an attorneys' conference and again instructed Duke

---

[3] Entering into the Agreed Order permitted Avon to receive federal funds for its improvement project.

to provide timely status reports on the proceedings in the Hendricks Circuit Court. According to that September 30 Order:

> The [O]rdinance is devoid of any fee requirement, and[,] as such, does not raise questions that would be more appropriately addressed to the [IURC] given its specific expertise in making determinations concerning the reasonableness of rates and charges . . . . Instead, the reasonableness of the [O]rdinance is a general legal question that may be raised to the trial court . . . .

*Id.* at 44. Duke appealed the September 30 Order to the full Commission of the IURC. The full Commission agreed with the September 30 Order and, further, dismissed Duke's complaint without prejudice. In particular, the full Commission stated as follows:

> The legality of Avon Town Ordinance 2015-03 is the subject of the Hendricks County Action, and[,] as such, Commission involvement in a pending trial court matter would be inappropriate. Accordingly, we affirm the Presiding Officers' September 30, 2016[,] Docket Entry. Further, absent an agreement between Duke and [Avon], subject to the trial court's approval, to forego further proceedings related to [Avon's] request for declaratory relief and to transfer the matter to the Commission, it is unnecessary to maintain this Cause on the Commission's docket. Accordingly, this Cause is dismissed without prejudice.

Dismissal Order at 2. This appeal ensued.

# Discussion and Decision

[10] Duke appeals the IURC's conclusion that it lacks jurisdiction over Duke's complaint. "'To the extent the issue turns on statutory construction, whether an agency possesses jurisdiction over a matter is a question of law for the courts.'" *Walczak v. Labor Works-Ft. Wayne LLC*, 983 N.E.2d 1146, 1152 (Ind. 2013) (quoting *Ind. Dep't of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.3d 839, 844 (Ind. 2003)). That is, the issue of "statutory construction . . . on the question of [an agency's] jurisdiction . . . lies squarely within the judicial bailiwick." *Id.* at 1153. "[W]hen all of the issues presented" in a complaint "fall within the exclusive jurisdiction of the relevant administrative or regulatory agency," our trial courts lack "subject matter jurisdiction over th[e] case." *Austin Lakes Joint Venture v. Avon Utils., Inc.*, 648 N.E.2d 641, 646 n.5 (Ind. 1995).

[11] As the Indiana Supreme Court has explained:

> [W]hen we construe any statute, our primary goal is to effectuate legislative intent. *Shepherd Props. Co. v. Int'l Union of Painters & Allied Trades. Dist. Council 91*, 972 N.E.2d 845, 852 (Ind. 2012). We presume the General Assembly intended the statutory language to be applied logically and consistently with the statute's underlying policy and goals, *id.*, and we avoid construing a statute so as to create an absurd result. *St. Vincent Hosp. & Health Care Ctr. Inc. v. Steele*, 766 N.E.2d 699, 704 (Ind. 2002).

*Id.* Further:

> The General Assembly created the Indiana Utility Regulatory Commission primarily as a fact-finding body with the technical

expertise to administer the regulatory scheme devised by the legislature. *United Rural Elec. Membership Corp. v. Ind. & Mich. Elec. Co.*, 549 N.E.2d 1019 (Ind. 1990); *See* Ind. Code § 8-1-1-5 (2008). The Commission's assignment is to insure that public utilities provide constant, reliable, and efficient service to the citizens of Indiana. *Ind. Bell Tel. Co. v. Ind. Util. Regulatory Comm'n*, 715 N.E.2d 351, 354 n.3 (Ind. 1999). The Commission can exercise only power conferred upon it by statute. *United Rural Elec. Membership Corp.*, 549 N.E.2d at 1021.

*N. Ind. Pub. Serv. Co. v. U.S. Steel Corp.*, 907 N.E.2d 1012, 1015 (Ind. 2009).

[12] Indiana Code Section 8-1-2-115 (2017) states as follows with respect to the obligations of the IURC to enforce the law:

> The commission *shall inquire into any . . . violation* of the statutes of this state or the ordinances of any city or town by any public utility doing business therein . . . and *shall have the power, and it shall be its duty, to enforce the provisions of this chapter, as well as all other laws, relating to public utilities . . . .*

(Emphases added.) Section 101(a)(1) of that Chapter states that a municipal council shall have the power:

> To determine by ordinance the provisions, not inconsistent with this chapter or IC 8-1-11.1, upon which a public utility . . . occupies the areas along, under, upon, and across the streets, highways, or other public property within such municipality or county, and such ordinance or other determination of such municipality or county executive shall be in force and prima facie reasonable.

I.C. § 8-1-2-101(a)(1). However, Section 101(a)(1) continues: "Upon complaint made by such public utility . . . the commission shall set a hearing, as provided in sections 54 to 67 of this chapter, and if it shall find such ordinance or other determination to be unreasonable, such ordinance or other determination shall be void." *Id.*

[13] We hold that Section 101(a)(1) and Section 115 unambiguously establish exclusive jurisdiction in the IURC to hear Duke's complaint on the validity of the Ordinance. Section 115 explicitly says that it "shall be [the IURC's] duty" to "enforce . . . all . . . laws[] relating to public utilities." I.C. § 8-1-2-115. Section 115 further expressly directs the IURC to "inquire into *any* . . . violation" of a local ordinance by a public utility. *Id.* (emphasis added). And Section 101 specifically contemplates disputes between towns and utilities regarding access to rights-of-way or other access to public property by a utility. I.C. § 8-1-2-101(a)(1). Accordingly, Indiana law directs that the subject matter of the dispute between Avon and Duke be decided by the IURC.

[14] We acknowledge the IURC's assessment that, at least at this point in the proceedings, the subject matter of the parties' dispute appears to be in the nature of a "general legal question" rather than one that requires "specific expertise" to resolve. Appellant's App. Vol. II at 44. Nonetheless, the Ordinance directly affects a public utility, and if the IURC did *not* have exclusive jurisdiction to consider the operation, effect, and enforceability of such ordinances then Indiana's public utilities would be forced to engage in a multitude of disputes over local ordinances throughout the State with no clear

guidance either to the utilities or the municipalities. Section 101(a)(1) and Section 115 place the resolution of all such disputes with the IURC.

[15]     Indeed, as *amici curiae* explain:

> There are sound public policy reasons why the General Assembly has declared the [IURC] to be the exclusive arbiter of enforceability of ordinances affecting utility services. The General Assembly has established a uniform system for the regulation of utilities. The [IURC] has both the fact-finding expertise and the broader non-local focus necessary to balance competing interests and determine when a local entity's imposition of costs on a public utility exceeds the bounds of reasonableness.

> An examination of Avon's ordinance illustrates why the [IURC] must be the entity to determine the reasonableness of that ordinance. The [O]rdinance shifts onto public utilities all costs to relocate utility facilities, without considering the broader public interests of utility customers. It empowers Avon to determine unilaterally both the facilities to be moved and their new location, with no constraints on the exercise of that authority and without any need to (i) consider new impacts on service[] or (ii) balance costs and benefits or provide procedures for considering less costly alternatives.

> The [O]rdinance contains no provisions to ensure that any new location Avon designates is legal and feasible under the myriad of federal and state laws and regulations that public utilities must follow in siting and constructing their facilities. And it permits Avon to give only sixty days-notice . . . with no consideration of factors that may prevent utilities from complying within that time, such as weather, design constraints, availability of materials, feasibility, compliance with federal and local law, acquisition of legal rights, etc.

> The [IURC's] strong understanding of the public interest **and** its demonstrated expertise in administering the regulatory schemes in which utilities operate are essential to a fair evaluation of local ordinances that impact utilities. The [IURC] must be the entity to determine the reasonableness of the Avon ordinance[] and all other ordinances affecting utility services across this State.

*Amici Curiae* Br. at 6-7. We agree. Accordingly, we reverse the IURC's dismissal of Duke's complaint.

[16] Duke further asks that we remand with instructions that the IURC "set a hearing," Appellant's Br. at 43, on Duke's complaint in accordance with Section 101(a)(1)'s language that, upon complaint, the IURC "shall set a hearing, as provided in sections 54 to 67 of this chapter." But Section 61(a) of that Chapter, to which Section 101(a)(1) refers and which expressly applies to complaints filed by public utilities, states that "[a]n order . . . *may* be entered by the commission without a formal public hearing" or that the IURC "*may* . . . on its own motion require a formal public hearing." I.C. § 8-1-2-61(a) (emphases added).[4] That is, Section 101(a)(1) compels the IURC here to hold a hearing only as provided in Section 61(a), and, on this record, Section 61(a) leaves the decision to hold a hearing in the IURC's discretion. As such, we decline to instruct the IURC to hold a hearing at this time, and we remand only with

---

[4] Section 61(a) also states that the IURC "shall" hold a formal public hearing "upon a motion filed" by various entities, but no such motion has been filed at this time. I.C. § 8-1-2-61(a).

instructions that the IURC proceed in a manner not inconsistent with this opinion.

[17] Reversed and remanded with instructions.

Kirsch, J., and Brown, J., concur.